IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv297

| | |
|---|---|
| WHY DRIVE 55, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BONNIE DUNCAN, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Motion to Strike [# 11] filed by Defendants Dove Air, Inc. and Joseph W. Duncan ("Defendants"). Defendants move to strike pursuant to Rule 12(f) Plaintiff's claim for attorneys' fees in the Complaint. Defendants, however, failed to comply with the Local Rules in filing their motion. Local Rule 7.1 requires that a party filing a motion to strike file both a motion and a brief. LCvR 7.1(C). Defendants, failed to file a brief in support of their motion. In addition, a party moving to strike must show that counsel conferred or attempted to confer in a good faith effort to resolve the dispute prior to filing the motion. LCvR 7.1(B). Defendants did not indicate in their motion that counsel conferred with Plaintiff prior to filing their motion.[1] Accordingly, the Court **STRIKES** the

---

[1] The Court also notes that Defendants fail to set forth any grounds that would require striking Plaintiff's claim for attorneys' fees under Rule 12(f), which allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" contained in the Complaint. Fed. R. Civ. P. 12(f). Instead, Defendants challenge the legal sufficiency of Plaintiff's claim for

Motion to Strike [# 11] for failure to comply with the requirements of the Local

Rules.

                                                                     Signed: December 14, 2011

                                                                     Dennis L. Howell
                                                                     United States Magistrate Judge

---

attorneys' fees.  The proper procedural mechanism to challenge the legal sufficiency of Plaintiff's claim for attorneys' fees is rule 12(b)(6).