# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv297

| | |
|---|---|
| WHY DRIVE 55, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| BONNIE DUNCAN, JOSEPH W. DUNCAN, ) | |
| STEVEN J. ALLEN, DOVE AIR, INC., ) | |
| CONAIR JET SALES, INC., EDD CONN, ) | |
| ROBERT HETTINGER, BILL JOHNSON, ) | |
| ALYSSA DUNCAN, JOHN DOE and ) | |
| JANE DOE, jointly and severally, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 19].

On January 6, 2012, the Clerk of Court entered default as to Defendants Conair Jet Sales, Inc. (Conair) and Edd Conn (Conn). [Doc. 16]. The entry was based on the Plaintiff's representation to the Court, through the affidavit of its attorney, Sean D. Soboleski, that both Defendants were in default and had failed to file an "answer or other pleading[.]" [Doc. 15-1].[1]

---

[1] As an aside, the Court notes that five Defendants named in the Complaint have never been served.

On January 11, 2012, the Plaintiff moved the Court to enter Default Judgment against Conair and Conn for a sum certain based on the affidavit of Michael Selverne (Selverne), the president of Plaintiff Why Drive 55, Inc. [Doc. 19; Doc. 19-1]. In that affidavit, Selverne stated that he had been advised by counsel "that Conn has confirmed in writing his receipt of the summons and complaint in this matter and *has elected not to* interpose an answer or otherwise *respond thereto*." [Doc. 19-1 at 2] (emphasis provided). Selverne attached to his affidavit a copy of the letter in question. [Doc. 19-1 at 7]. The letter, which is dated November 23, 2011, is from Conn and is addressed to attorney Soboleski. [Id.]. The letter was written after Conn had been served with the summons and complaint in this matter on November 19, 2011. [Id.; Doc. 9]. In the letter, Conn referred specifically to this lawsuit, citing it by case number, and stated the following:

> As I told the plaintiff before, I was an aircraft broker at the time and have never seen the aircraft, the owner or the buyer. I received funds from the buyer in the amount of $700,000.00 USD and passed the entire amount on to Dove Air. I received NO compensation from this transaction. I have never been a partner with Joe Duncan or been involved with his company except to sell him aircraft or broker aircraft that he has in inventory.
>
> ***I ask that I be removed from this lawsuit as I was not involved with your client***.

[Doc. 19-1 at 7] (emphasis provided).

On December 10, 2011, Conair, which is owned by Conn, was served with the

summons and complaint. [Doc. 1; Doc. 14-1].

On January 9, 2012, one of the named defendants, Steven Allen, moved to dismiss the complaint for failure to specifically state claims of fraud against him. [Doc. 17]. In response to that motion, the Plaintiff filed an Amended Complaint but did not otherwise respond to the motion. [Doc. 22]. Soboleski attached to that pleading a Certificate of Service stating that "the defendants who have not appeared will be served in accordance with the Rules." [Doc. 22 at 39]. Thus, Defendants Conn and Conair have not yet been served with the Amended Complaint.

The Court is substantially troubled by the representations made to the Court in the affidavits of Soboleski and Selverne. In seeking entry of default, Soboleski averred that Defendant Conn had not answered or otherwise pleaded at a time when he had received a letter from Conn which could easily be construed as an answer. Under the circumstances, counsel, at the very least, should have made this letter known to the Court by filing the same in the record prior to or simultaneously with seeking entry of default. Fed.R.Civ.P. 55(a) ("When a party against whom a judgment ... is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit ..., the clerk must enter the party's default.") (emphasis provided). In his letter to Soboleski, Conn specifically addressed the lawsuit and asked that he "be

removed." [Doc. 19-1 at 7]. This letter, however, had not been presented to the Court at the time that the Clerk of Court entered default. And, while counsel could not file the letter as an Answer on Conn's behalf, he should have made its contents known to the Court at the time of seeking entry of default. United States *ex rel.* Knight v. Reliant Hospice, Inc., 2011 WL 6130539 (D.S.C. 2011); Precision Franchising LLC v. Lene-Tarango, 2011 WL 3472541 (E.D.Va. 2011) (treating letter received from *pro se* defendant as motion to dismiss).

The omission is further complicated by the filing of an Amended Complaint which has not yet been served on Conn or Conair. The Court finds under the circumstances here presented that the Entry of Default should be stricken. Advantage Media Group v. Debnam, 2011 WL 2413408 (M.D.N.C. 2011) (default is not a matter of right but is within the court's discretion). The Plaintiff's Motion for Entry of Default [Doc. 15] will be denied without prejudice to renewal upon the completion of service of the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court's Entry of Default [Doc. 16] is hereby **STRICKEN** for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Entry of Default [Doc. 15] is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 19] is hereby **DENIED** as premature.

Signed: February 6, 2012

Martin Reidinger
United States District Judge