THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00297-MR-DLH

| | |
|---|---|
| WHY DRIVE 55, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| BONNIE DUNCAN, JOSEPH W. ) | |
| DUNCAN, DOVE AIR, INC., EDD ) | |
| CONN, ROBERT HETTINGER, and ) | |
| ALYSSA DUNCAN, jointly and ) | |
| severally, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment against the Defendant Edd Conn [Doc. 92].

The Plaintiff initiated this action against Defendant Conn and others on November 7, 2011, asserting claims for, *inter alia*, conversion, unjust enrichment, and fraud arising from the sale of an aircraft. [Doc. 1]. The Plaintiff amended its Complaint on two occasions. [Docs. 22, 53]. On February 22, 2013, the Clerk of Court entered default against Defendant Conn based on his failure to answer or otherwise respond to the Second

Amended Complaint. [Doc. 91]. The Plaintiff now moves for the entry of a default judgment against this Defendant. [Doc. 92].

The Plaintiff's Motion for Default Judgment is premature at this time. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 2008). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967). Here, Defendant Conn and the other Defendants named in this action are alleged to be jointly and severally liable to the Plaintiff under several theories. At the very least, it would appear that Conn could raise defenses which are closely related to defenses raised by the other Defendants who have appeared in this action. For these reasons, the Court finds that the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to the remaining Defendants before seeking the entry of a default judgment against Conn.

See, e.g., Scottsdale Ins. Co. v. Dennis Ins. Group, Inc., No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009) (Whitney, J.).

Accordingly, the Plaintiff's Motion for Default Judgment [Doc. 92] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 10, 2013

Martin Reidinger
United States District Judge