UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:11-cv-00297-MOC-DLH

| WHY DRIVE 55, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BONNIE DUNCAN | ) | |
| JOSEPH W. DUNCAN | ) | |
| STEVEN J ALLEN | ) | |
| DOVE AIR, INC. | ) | |
| CONAIR JET SALES, INC. | ) | |
| JOHN DOE | ) | |
| EDD CONN | ) | |
| JANE DOE | ) | |
| ROBERT HETTINGER | ) | |
| BILL JOHNSON | ) | |
| ALYSSA DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Edd Conn's Motion to Set Aside Default & Default Judgment (#110). While plaintiff contests such motion, it is clear to the court that the Clerk of Court improvidently entered default even though Defendant Conn, proceeding pro se at the time, had entered an appearance and filed a pleading answering the claims against him. The fact that such pro se litigant did not then answer the subsequently filed Amended Complaint was not a sufficient reason for plaintiff to seek default as it appears that the amended pleading added no additional material claims against such defendant. Further, it appears that counsel for plaintiff was likely aware as early as 2012 that Defendant Conn had changed his mailing address and, without any doubt, knew of this new address not later than December 2013,

1

a fact not brought to this court's attention when plaintiff filed its second Motion for Default Judgment two months later.

In determining whether to set aside the default and entry of default judgment against Defendant Conn, the court is guided by well-established precedent in the Fourth Circuit: "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Rule 55(c) provides that this court may "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). In turn, Rule 60(b)(1) allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Where the judgment sought to be set aside was obtained through default, a court should consider:

> (1) whether the moving party has a meritorious defense to the action;
>
> (2) whether the moving party acted with reasonable promptness;
>
> (3) who bore responsibility for the default;
>
> (4) any unfair prejudice to the non-moving party;
>
> (5) whether there is a history of dilatory action; and
>
> (6) the availability of sanctions less drastic.

Augusta Fiberglass, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).

Foremost, it appears that the default and default judgment was improvidently entered based on plaintiff's March 11, 2013, representation to the court that Defendant Conn failed to answer the First Amended Complaint. See Motion for Entry of Default (#89, [First] Affidavit of Sean Soboleski at ¶ 5. In relevant part, Mr. Soboleski represented to this court by affidavit that

Defendant Conn "has not filed an Answer or other responsive pleading to Plaintiff's First Amended Complaint, although he was deemed to have appeared in this action by the Court's Order [23] when Conn appeared by letter in response to the initial Complaint." Id. This averment is not entirely true as the docket at the time of such representation provided that Defendant Conn had on March 13, 2012, filed with the court his "ANSWER to 1 Complaint, 22 Amended Complaint by Edd Conn.(nll) (Entered: 03/13/2012)" (#33). That Answer provided as follows:

TO: Frank G. Johns, Clerk

RE: Civil Action Number 1:11-cv-297

Answer to complaint



FILED
ASHEVILLE, NC

MAR 13 2012

U.S. DISTRICT COURT
WESTERN DIST... ...

Dear Sir,

I Edd Conn personal and representing Conair Jet Sales do hereby answer the lawsuit filed by Plaintiff Why Drive 55 Inc.

I have never had any dealings with this Corporation in any way. I have never met Plaintiff or had any business with him until this lawsuit. I have never seen his aircraft, logbooks or ever met the buyer who purchased the aircraft in Mexico. I ask the court to remove me from this frivolous lawsuit immediately. I do know the defendant Joe Duncan as I know many dealers in this industry.

Plaintiff has not showed in evidence that I had any dealings with him at all.

I respectfully file this answer.

Edd Conn

Docket Entry (#33). Despite the passage of a year, plaintiff never moved to strike that Answer for failure to properly serve that responsive pleading on counsel for plaintiff and, despite such answer being found in the public record and transmitted to counsel via ECF, counsel failed to mention its existence in his affidavit.

Attorney Soboleski further represented in his first affidavit that he "has not received any further letters or communication from Edd Conn since the receipt of the letter from Edd Conn dated November 23, 2011…." [First] Soboleski Aff. at ¶ 5. This is also untrue as Mr. Soboleski now avers in his second affidavit (filed in support of plaintiff's opposition to setting aside default) as follows: "In or around July, 2012, and during the period I was representing Plaintiff in this action, I had a telephone conversation with a person who I understood to be, and who identified himself as being, the Defendant Edd Conn ("Mr. Conn")." Second Soboleski Affidavit (#120-2) at 3. Thus, Mr. Soboleski's March 11, 2013, representation to this court that he had not received any "further communication" from Defendant Conn was not true as it omitted the phone conversation of July 2012.

Finally, contrary to plaintiff's implicit argument that it was Defendant's Conn's failure to file an answer to the Second Amended Complaint that was the basis for default, Mr. Soboleski averred in support of the Motion for Entry of Default that "[t]his Second Amended Complaint contained identical allegations and claims as to defendant Conn [as those found in the First Amended Complaint]." First Soboleski Aff. at ¶ 6. Thus, at the time plaintiff sought default Defendant Conn had in fact answered the material allegations made against him in the Second Amended Complaint, albeit the imperfect answer of a then pro se litigant.

At this point, the court is persuaded that the default was improvidently entered based on an affidavit that did not accurately reflect facts which could have been discerned by review of the public docket. Rule 55(a) provides, as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed.R.Civ.P. 55(a). Thus, it appears that: the Clerk of Court improvidently entered both the default and the default judgment based on representations of former counsel that were not entirely accurate; the error in entry of default and default judgment was promptly brought to this court's attention by Defendant Conn, through counsel, with reasonable promptness; Defendant Conn has a facially valid defense to the action which was expressed in the very Answer which somehow was overlooked in such default process; and there is no *unfair* prejudice to plaintiff in having to defend this action on the merits as its arguments as to possible collusion and fraud are at best speculative.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Conn's Motion to Set Aside Default & Default Judgment (#110) is **GRANTED**, the Default Judgment (#109) is **SET ASIDE**, the Entry of Default (#91) is **STRICKEN,** nd discovery is reopened as and between plaintiff and Defendant Conn. These parties shall file a CIAC and a proposed PTO within 14 days and the magistrate judge shall enter an appropriate PTO thereafter or conduct such further proceedings as he may deem appropriate.

Signed: August 8, 2014

Max O. Cogburn Jr.
United States District Judge

5